IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02731-BNB

JAMES LEWIS BROWN, SR.,

Applicant,

v.

R. WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 13 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant James L. Brown, Sr., is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Brown initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on December 19, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies. On January 13, 2009, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus. On January 27, 2009, Mr. Brown filed a Reply to Preliminary Response.

The Court must construe the documents filed by Mr. Brown in this action liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied in part.

Mr. Brown asserts five claims for relief primarily challenging the BOP's determination that he is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program. Mr. Brown alleges that the BOP has determined he is not eligible for a sentence reduction based on a 1974 Oregon state conviction for second degree assault. Mr. Brown's five claims are the following: (1) the BOP's determination is an unreasonable exercise of discretion under *Lopez v. Davis*, 531 U.S. 230 (2001); (2) the BOP's determination is arbitrary and capricious in violation of the Administrative Procedure Act because the relevant Oregon statute is ambiguous and the BOP should have applied the rule of lenity in interpreting that statute; (3) the BOP's determination is arbitrary and capricious in violation of the Administrative Procedure Act because the BOP violated its own regulations by considering the underlying facts of his prior Oregon state conviction for second degree assault; (4) the BOP improperly characterized Mr. Brown's prior Oregon state conviction for second degree assault as an aggravated assault; and (5) the BOP violated its own regulations by failing to reply in a timely manner to Mr. Brown's administrative remedy requests.

Respondent concedes that Mr. Brown has exhausted administrative remedies for his fourth claim. However, Respondent contends Mr. Brown has failed to exhaust administrative remedies for claims one, two, three, and five. Therefore, Respondent argues that the application should be dismissed in its entirety as a mixed petition, or, in the alternative, that the four unexhausted claims should be dismissed.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Brown. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15. "Appeal to the General Counsel is the final administrative appeal." *See* 28 C.F.R. § 542.15(a).

The parties agree that Mr. Brown completed the BOP administrative remedy procedure and exhausted administrative remedies for claim four in this action. The administrative remedy case number assigned to the proceedings in which Mr. Brown exhausted claim four is 494752. Although Respondent notes that Mr. Brown has filed other administrative remedy requests raising other issues during his incarceration, Mr. Brown does not contend that he exhausted administrative remedies for any of his claims in this action in any administrative remedy proceeding other than case number

494752. Therefore, that is the only administrative remedy case number the Court will consider and the only question before the Court is whether, in the course of administrative remedy case number 494752, Mr. Brown raised and exhausted any claim other than claim four.

The Court has reviewed the relevant administrative remedy request filed by Mr. Brown as well as his regional and national appeals. Based on that review, the Court finds that Mr. Brown exhausted administrative remedies only for claim four. Although Mr. Brown's other claims challenging the BOP's determination that he is not eligible for a sentence reduction were raised, or at least referenced, at some point in the administrative remedy procedure, only claim four was raised at each level of the administrative remedy procedure. Mr. Brown's claim five, in which he argues that the BOP failed to respond to his grievances in a timely manner, does not address the BOP's determination that he is not eligible for a sentence reduction and was not raised at any leave of the administrative remedy procedure. Therefore, the Court finds that none of Mr. Brown's claims, other than claim four, are exhausted.

Mr. Brown does not argue in his reply to Respondent's preliminary response that he raised each of his claims at every level of the administrative remedy procedure. Instead, he argues that he actually is asserting only one claim, the exhausted claim four, and that his other claims are not really claims but only legal arguments in support of claim four that do not need to be exhausted. The Court is not convinced. Mr. Brown clearly asserts five distinct claims for relief in the habeas corpus application. His attempt to recharacterize those claims as legal arguments does not change the fact that he is seeking relief in each claim based on a different legal theory. Therefore,

regardless of whether Mr. Brown believes he is raising separate claims or only separate legal theories, each claim or legal theory must be exhausted in order to be considered by the Court. Because claim four is the only exhausted claim, that is the only claim properly before the Court.

In summary, Respondent concedes that claim four is exhausted. The Court will dismiss claims one, two, three, and five for failure to exhaust administrative remedies. Furthermore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claims one, two, three, and five are dismissed for failure to exhaust administrative remedies. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 12 day of Feb. , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02731-BNB

James L. Brown, Sr.
Reg No. 00132-111
FCI - Florence
P.O. Box 5000
Florence, CO 81226-5000

Lisa A. Christian
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/13/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk